1

2
   THE HONORABLE ROBERT J. BRYAN

3

4

5

6

7
                  UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
8

9
   SETH MCCLANAHAN,                         No. 3:19-cv-05263-RJB

                     Plaintiff,              STIPULATED MOTION AND ORDER
10                                           REGARDING THE MANAGEMENT
        v.                                   AND USE OF CONFIDENTIAL
11                                           MATERIALS
   FOREMOST CORPORATION OF
12 AMERICA,                                   Note on Motion Calendar:

13                   Defendant.              January 14, 2020

14

15         Pursuant to Federal Rule of Civil Procedure 26 and Local Civil Rule 26(c) of the Western

16 District of Washington, the parties to this action (together "Parties" or individually a "Party"),

17 through their undersigned counsel of record, hereby stipulate and agree to entry of this Stipulated

18 Protective Order and Confidentiality Agreement ("Order").

19         The Parties recognize that it is likely that non-public, confidential and/or trade sensitive

20 business information may be produced in discovery and/or utilized as evidence in this matter,

21 including information regarding, *inter alia*, one or more Parties' internal operations, processes,

22 procedures, sensitive personal data (social security and similar identifying information), financial

23 information, including financial information regarding Plaintiff's competitors, and other

24 sensitive or confidential information related to the Parties' respective operations (collectively

25 "Protected Information"). The Parties agree that such Protected Information may contain

26 information of a confidential, proprietary, and/or commercially sensitive nature, and that any

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 1

1  unauthorized release of the Protected Information could cause harm to one or more of the Parties

2  to this lawsuit and/or other business partners of one or more Parties.  The Parties desire to

3  exchange this information for purposes of this action, but agree to maintain its confidentiality, to

4  not distribute or otherwise communicate such information to any person outside of this lawsuit,

5  and to use it for no other purposes, except as permitted herein.

6       The parties acknowledge that this agreement is consistent with Local Civil Rule 26(c). It

7  does not confer blanket protection on all disclosures or responses to discovery, the protection it

8  affords from public disclosure and use extends only to the limited information or items that are

9  entitled to confidential treatment under the applicable legal principles, and it does not

10 presumptively entitle parties to file confidential information under seal.  The Parties therefore

11 have executed this stipulation and request the Court to enter the attached protective order under

12 Federal Rule of Civil Procedure 26 and Local Civil Rule 26(c)(2).

13                                   **STIPULATION**

14       Therefore, to effectuate their agreement, the Parties stipulate to the following:

15       1.    **Confidential Designation.**  As set forth below, such Protected Information may

16 be designated by any Party as Protected Information by marking it "Confidential" or

17 "Confidential – Attorney's Eyes Only" or by identifying it as "Confidential" or "Confidential –

18 Attorney's Eyes Only" in a written communication.

19       2.    **Information Received in Response to Subpoenas to Third Parties**.  During the

20 course of this litigation, the Parties may serve subpoenas to other individuals or entities not

21 parties to the litigation ("Third Parties") to request potentially relevant documents.  Pursuant to

22 this Order, any Party, and any third party producing documents responsive to a subpoena, may,

23 at any time mark as "Confidential" information received from a third party in response to a

24 subpoena, or may request a written communication at any time that such information be

25 designated as "Confidential."  Each Party agrees that it will not use any Protected Information

26

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

104775899.3 0045556-00191

1    received in response to a subpoena and designated as "Confidential" in any way to solicit the

2    insurance business of a current customer, insureds, or policy holder of any other Party.

3         3.    **Depositions.**  At the request of any Party, the original and all copies of any

4    deposition transcript, in whole or in part, may be designated as "Confidential" or "Confidential –

5    Attorney's Eyes Only."

6         (a)    At any time during the deposition, at the request of any Party, the deposition

7                transcript or a portion thereof shall be marked by the reporter with "Confidential"

8                or "Confidential – Attorney's Eyes Only" designation.  Any portions so

9                designated shall thereafter be treated in accordance with the terms of this Order.

10        (b)    Any Party may designate a deposition transcript or a portion thereof with the

11               appropriate "Confidential" or "Confidential – Attorney's Eyes Only" designation

12               within 14 days after first receiving a formal copy of the same transcript from the

13               deposition reporter and informing all other Parties in writing.

14        4.    **Other Material.**  All Protected Information not reduced to documentary, tangible

15   or physical form or that cannot be conveniently designated as set forth herein shall be designated

16   by the producing Party by informing the receiving Parties of the designation in writing.

17        5.    **Security**.  The recipient of any Protected Information provided under this Order

18   shall maintain such material in a secure and safe area and shall exercise the same standard of

19   care with respect to the storage, custody, use and/or dissemination of such information as is

20   exercised by the recipient with respect to its own Protected Information.  Protected Information

21   shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that

22   such uses are reasonably necessary for the conduct of this lawsuit.  Any copies, reproductions,

23   summarizations, extractions, and abstractions shall be subject to the terms of this Order and

24   labeled as "Confidential" or "Confidential – Attorney's Eyes Only" depending on the producing

25   party's designation.

26

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 3

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1        6.      **Disclosure of Information Designated "Confidential" to Persons Involved in**

2  **Litigation.**  The Parties agree that the Parties and counsel (including in-house and outside

3  counsel), may have access to Protected Information designated as "Confidential" and shall not

4  disclose Protected Information designated as "Confidential," except as otherwise provided

5  herein, to any person other than:

6        (a)    The Court and any persons employed by the Court whose duties require access to

7             any materials filed in connection with this action;

8        (b)    Legal counsel for any Party in this action, their legal associates, paralegals,

9             clerical and other support staff assisting in the representation of the Party to this

10             action;

11        (c)    Actual witnesses and potential witnesses in this action, and their counsel, to the

12             extent reasonably deemed necessary by counsel for the witness's preparation for

13             testimony, and only upon agreement to be bound by this Order as specified below;

14        (d)    Outside consultants and experts (and their employees) retained for the purpose of

15             assisting in the prosecution and/or defense of this action, and only upon

16             agreement to be bound by this Order as specified below;

17        (e)    Court reporters;

18        (f)    Employees of copying and/or microfilming services utilized with respect to this

19             action for the prosecution or defense thereof; and

20        (g)    Any other person, upon prior written consent of the Party who produced the

21             information.

22        7.      **Disclosure of Information Designated "Confidential – Attorney's Eyes Only."**

23  Except as permitted by further order of this Court or by subsequent written agreement of the

24  designating Party, information designated "Confidential-Attorneys' Eyes Only" may only be

25  disclosed to the following persons:

26

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 4

1     (a)    The Parties' outside counsel of record, or otherwise specifically identified outside

2             counsel, and associate attorneys and paralegal and clerical employees or similar

3             persons assisting such counsel and not employed or otherwise retained by any

4             Party;

5     (b)    This Court, court reporters and other similarly situated persons under an

6             obligation as a matter of law to abide by the terms of this Order;

7     (c)    Outside consultants or experts retained by the parties to consult or testify in the

8             case who are not directly employed by any Party or under contract with any Party

9             for any purpose other than this case, and who are not competitors of any Party or

10            employed by a competitor of any party, and provided that before any such

11            disclosure, such individuals sign an agreement to be bound by the provisions of

12            this Order; and

13     (d)    Any person who has already legally received and maintains possession of such

14            confidential information, including the author, drafter and recipient of a

15            document.

16     8.    **Certification of Third Parties**.  The Parties' counsel shall require all persons,

17  except those referred to in paragraph 6(a), (b), (e) and (f) and paragraph 7(a), (b) and (d), before

18  being given access to Protected Information, to read and agree to be bound by this Order by

19  endorsing the following certification on a copy of this Order, which shall be retained by counsel:

20           I certify that I have received and read a copy of the protective

21           order entered in *McClanahan v. Foremost Corporation of America*,
             Case No. 3:19-cv-05263-RJB (W.D. Wash.), and that I agree to be

22           bound by the protective order.  I understand that if I violate the
             protective order, I may be subject to contempt proceedings.  I

23           further understand that information designated as "Confidential" or
             "Confidential-Attorneys' Eyes Only" or protected in this case, and

24           any notes, memoranda or other form of information derived from
             it, may not be used, copied or disclosed by me to anyone else

25           except in strict accordance with the protective order and then only

26           for the prosecution and defense of this litigation.

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 5

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   Notwithstanding the above, a Party's counsel need not obtain such certification prior to

2   disclosing Protected Information to another Party's present employees or agents during a

3   deposition.  In addition, no certification obtained from any person shall apply to information

4   obtained by or made available to any such person by means other than the discovery provisions

5   of the Federal Rules of Civil Procedure or the Local Rules of the Western District of

6   Washington.  If such person refuses to be bound by the terms of this Order, no Protected

7   Information shall be disclosed to such person.

8       9.      **Filing of Protected Information**.  Nothing in this Stipulated Protective Order: (a)

9   governs the manner of filing documents with the Court; (b) constitutes an admission that specific

10   information is "Confidential" or "Confidential – Attorney's Eyes Only"; or (c) prejudices any

11   Party from requesting an order governing or limiting the manner of filing documents with the

12   Court.  The Parties agree to comply with Local Rule 5 of the Western District of Washington

13   should a Party ever have to file documents with the Court that has been designated

14   "Confidential" or "Confidential – Attorney's Eyes Only," including the requirement to meet and

15   confer before a Party moves to have the Protected Information filed under seal.

16       10.     **Inadvertent Disclosure**.  The Parties acknowledge that, despite each Party's best

17   efforts to conduct a thorough pre-production review of all documents and discoverable

18   electronically stored information ("ESI"), documents and/or ESI (a) containing non-responsive

19   or non-relevant Protected Information, or (b) reflecting attorney-client privileged

20   communications, protected attorney work product, or other information protected by legally

21   recognized privileges (collectively, "Privileged Material"), may be inadvertently disclosed to

22   another Party during the course of this litigation.

23       11.     **Non-Waiver by Inadvertent Disclosure**.  The Parties hereby agree that the

24   inadvertent disclosure of any ESI or other document containing Protected Information or

25   Privileged Material shall <u>not</u> waive any privilege or other applicable protective doctrine for that

26   ESI or other document containing Protected Information or Privileged Material, or for the subject

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 6

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1   matter of the inadvertently disclosed ESI or other document containing Protected Information or

2   Privileged Material.  Any such disclosure shall be deemed inadvertent unless an express written

3   waiver of privilege is given by the producing Party.

4          12.    **Notification of Inadvertent Disclosure**.  If ESI or other document containing

5   Protected Information or Privileged Material is inadvertently produced in discovery, the Party

6   making the claim of privilege or protection ("Producing Party") must notify any Party that

7   received the information ("Receiving Party") of the specific ESI or other documents in question,

8   the claim of privilege or protection, and the basis for it.

9          13.    **Return of Privileged Material or Protected Information**.  After being notified

10  of the Producing Party's claim of privilege or protection, the Receiving Party shall

11  (a) immediately (but no later than five (5) business days after receiving notice) return, delete,

12  sequester, or destroy the specified ESI or other documents, along with any copies thereof

13  (including electronic and otherwise), (b) not use or disclose the specified ESI or other documents

14  until the claim is resolved, (c) take reasonable steps to retrieve the specified ESI or other

15  documents, and any and all information found within it, if the Receiving Party disclosed it to

16  third parties before being notified of the claim of privilege, (d) promptly disclose the names of

17  any individuals who read or had access to the privileged or otherwise protected document; and

18  (e) provide written verification that the privileged or protected documents, along with all known

19  copies, have been returned, deleted, sequestered, or destroyed.

20         14.    **Dispute Resolution**.  The Parties reserve the right to contest any determination

21  that a document is Privileged Material or otherwise protected from disclosure.  Counsel shall

22  attempt to resolve the dispute on an informal basis.  If the informal process does not produce a

23  mutually acceptable resolution of the dispute, any Party may apply to the Court for an order as to

24  whether the contested document(s) should remain confidential under the Order.  During the

25  pendency of the motion, the confidential status of the Protected Information or Privileged

26

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 7

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1    Material shall continue.  In connection with the motion, the burden of establishing confidentiality

2    shall remain with the Party producing the information and claiming confidentiality.

3         15.    **Upon Final Disposition**.  At the conclusion of this action, whether the action be

4    settled, otherwise resolved in full prior to trial, or tried on the merits, the obligations imposed by

5    this Order shall remain in effect, and all copies of Protected Information shall be returned to the

6    Producing Party upon request within 30 days, after which time, all copies of the Protected

7    Information will be destroyed.

8         16.    **Survival**.  Except as specifically provided herein, the terms, conditions, and

9    limitations of this Order shall survive the termination of the above-captioned litigation.

10        17.    **Jurisdiction**.  The Court shall continue to retain jurisdiction to enforce the terms

11   of this Order.

12   Dated this 14th day of January, 2020.          Dated this 14th day of January, 2020.

13   FRANCIS & MAILMAN, P.C.                         STOEL RIVES LLP

14    _/s/ Joseph J. Gentilcore_____       _/s/ J. Scott Pritchard_____
      Joseph J. Gentilcore, admitted *pro hac vice*   Timothy W. Snider, WSBA No. 39808
15    1600 Market St., Ste. 2510                      J. Scott Pritchard, WSBA No. 50761
      Philadelphia, PA 19103                          Jenna M. Poligo, WSBA No. 54466
16    (215) 736-8600                                  600 University Street, Suite 3600
      Email:  jgentilcore@consumerlawfirm.com         Seattle, WA  98101
17                                                    Phone:  (206) 624-0900
18    GREEN LAW FIRM                                  Email:  timothy.snider@stoel.com
                                                      Email:  scott.pritchard@stoel.com
19    Christopher E. Green, WSBA No. 19410            Email:  jenna.poligo@stoel.com
      225 106th Ave. NE
20    Bellevue, WA 98005                              *Attorneys for Defendant Foremost*
      (206) 686-4558                                  *Corporation of America*
21    Email:  chris@myfaircredit.com

22

23    *Attorneys for Plaintiff Seth McClanahan*

24

25

26

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 8

104775899.3 0045556-00191

1

## II.  ORDER

2  IT IS SO ORDERED.

3  DONE this 14th day of January, 2020.

4

5

_____
ROBERT J. BRYAN
United States District Judge

6

7  STIPULATED TO AND PRESENTED BY:

8  STOEL RIVES LLP

9

_/s/ J. Scott Pritchard_____
10  Timothy W. Snider, WSBA No. 39808
J. Scott Pritchard, WSBA No. 50761
11  Jenna M. Poligo, WSBA No. 54466
600 University Street, Suite 3600
12  Seattle, WA  98101
Phone:  (206) 624-0900
13  Email: timothy.snider@stoel.com
Email: scott.pritchard@stoel.com
14  Email: jenna.poligo@stoel.com

15  *Attorneys for Defendant Foremost Corporation of America*

16  STIPULATED TO, APPROVED AS TO FORM AND CONTENT
17  BY, AND NOTICE OF PRESENTATION WAIVED BY:

18  FRANCIS & MAILMAN, P.C.

19  */s/ Joseph J. Gentilcore_____*
Joseph J. Gentilcore, admitted *pro hac vice*
20  1600 Market St., Ste. 2510
Philadelphia, PA 19103
21  (215) 736-8600

22  GREEN LAW FIRM

23  Christopher E. Green, WSBA No. 19410
225 106th Ave. NE
24  Bellevue, WA 98005
(206) 686-4558

25

26  *Attorneys for Plaintiff Seth McClanahan*

STIPULATED MOTION AND ORDER REGARDING
THE MANAGEMENT AND USE OF CONFIDENTIAL MATERIALS - 9

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

1               PAGE LEFT INTENTIONALLY BLANK

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*